So Ordered.

*Patricia C. Williams*
**Patricia C. Williams**
**Bankruptcy Judge**

Dated: November 16th, 2012

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>LLS AMERICA, LLC,<br><br>    Debtor.<br>_____<br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br><br>    Plaintiff,<br>vs.<br>267406 BC, LTD., et al.,<br><br>    Defendants.<br>_____ | No. 09-06194-PCW11<br><br><br><br><br><br>Adv. No. 11-80296-PCW<br><br><br>MEMORANDUM DECISION RE: CERTAIN DEFENDANTS' MOTIONS TO DISMISS |

    This adversary is one of hundreds commenced by the trustee of the LLS America, LLC ("LLS America") bankruptcy estate, which adversaries seek to recover money paid by the debtor to certain lenders or investors as part of an alleged Ponzi scheme conducted by the debtor. The following defendants filed motions to dismiss in this adversary proceeding:

MEMORANDUM DECISION RE: . . . - Page 1

| **Defendant** | **Date Filed** | **ECF No.** |
|---|---|---|
| Luke Saunders | December 15, 2011 | 94 |
| Kirkwood Kitchens, Inc. | February 8, 2012 | 103 |
| Reinhard Paul | February 8, 2012 | 105 |
| Elizabeth Weinberger-Van Dyk | February 8, 2012 | 107 |
| Nicole Haer | April 16, 2012 | 201 |
| Amy Belling | June 26, 2012 | 252 |
| Chantelle Clarke | June 26, 2012 | 254 |
| Rhonda Harris | June 26, 2012 | 256 |

In a similar adversary, *Kriegman v. Cooper*, No. 11-80093-PCW, a written decision was entered on July 2, 2012, ECF No. 146, regarding similar motions to dismiss and an oral decision was rendered on May 24, 2012, ECF No. 118, on the issue of pleading fraud with particularity ("Previous Decision"). The issues regarding dismissal raised in the subject motions are the same as those raised in the Previous Decision. Many of the facts in the Previous Decision are relevant to the subject motions.

The trustee in a supplemental affidavit of Curtis Frye, ECF No. 219, and the defendants, by declarations, provided the following evidence:

1.  <u>Luke Saunders</u> - The trustee presented evidence in this case that the defendant loaned or invested an unknown amount and four (4) promissory notes were issue. In 17 distributions occurring from August 2004 to August 2008, the defendant received $29,700 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $28,899 in the underlying LLS America case. By declaration (ECF No. 101), the defendant presented evidence that he resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

2.  <u>Kirkwood Kitchens, Inc.</u> - The trustee presented evidence in this case that the defendant loaned or invested an unknown amount and two (2) promissory notes were issued. In 10 distributions occurring from June 2006 to July 2008, the defendant received $37,500 (CAN). According to the trustee, the defendant filed a proof of claim

MEMORANDUM DECISION RE: . . . - Page 2

in the amount of $50,115 in the underlying LLS America case. By declaration (ECF No. 104), Peter Allan Saunders, on behalf of the defendant, presented evidence that it was formed under the laws of Canada, does not solicit any business in the United States, and sent funds for investment to Canadian entities. Payments were primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

3. <u>Reinhard Paul</u> - The trustee presented evidence in this case that the defendant loaned or invested $10,000 (CAN) and six (6) promissory notes were issued. In 97 distributions occurring from November 2001 to September 2008, the defendant received $28,037.30 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $23,000 in the underlying LLS America case. By declaration (ECF No. 106), the defendant presented evidence that he resides in Canada, rarely travels to the United States, and "virtually all" promissory notes listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

4. <u>Elizabeth Weinberger-Van Dyk</u> - The trustee presented evidence in this case that the defendant loaned or invested $40,000 (CAN) with one (1) promissory note issued. In 22 distributions occurring from July 2004 to January 2009, the defendant received $28,635.00 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $73,051.37 in the underlying LLS America case. By declaration (ECF No. 108), the defendant presented evidence that she resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with the distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

5. <u>Nicole Haer</u> - The trustee presented evidence in this case that the defendant

loaned or invested $25,000 (CAN) and three (3) promissory notes were issued. In 36 distributions occurring from November 2004 to January 2009, the defendant received $60,985.00 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $25,000 (CAN) in the underlying LLS America case. By declaration (ECF No. 202) in this case, the defendant presented evidence that she resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

The trustee in the affidavit of Curtis Frye filed in adversary proceeding No. 11-80157-PCW, ECF No. 11, and the defendants, by declarations, provided the following evidence:

    1.    <u>Amy Belling</u> - The trustee presented evidence that the defendant loaned or invested an unknown amount and one (1) promissory note was issued. In 77 distributions occurring from March 2003 to August 2008, the defendant received $38,500 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $5,631.52 in the underlying LLS America case. By declaration (ECF No. 253) in this case, the defendant presented evidence that she is a citizen of Canada and for several months each year she lives in the United States, but otherwise lives in Canada. The declaration further states that each promissory note listed a Canadian entity as borrower with distributions made from Canadian entities, and that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

    2.    <u>Chantelle Clarke</u> - The trustee presented evidence that the defendant loaned or invested $30,000 (CAN) and two (2) promissory notes were issued. In 26 distributions occurring from December 2005 to February 2009, the defendant received $35,429 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $28,239.21 in the underlying LLS America case. By declaration (ECF No. 255) in this case, the defendant presented evidence that she resides in Canada, rarely travels to the

MEMORANDUM DECISION RE: . . . - Page 4

United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

       3.    <u>Rhonda Harris</u> - The trustee presented evidence that the defendant loaned or invested an unknown amount and two (2) promissory notes were issued. In 199 distributions occurring from May 1999 to May 2008, the defendant received $38,138.63 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $2,400 in the underlying LLS America case. By declaration (ECF No. 257) in this case, the defendant presented evidence that she resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

The grounds for dismissal in the subject motions are: (1) ineffective service of process; (2) improper extraterritorial application of United States bankruptcy law; and (3) failure to state the alleged fraud with particularity as required by Fed. R. Civ. P. (9)(b). The reasoning regarding the denial of dismissal based on those grounds is set forth in the Previous Decision and is applicable to the subject motions.

As in the Previous Decision, one basis for the request to dismiss is the lack of personal jurisdiction. As articulated in the Previous Decision, the filing of a proof of claim is a consent to jurisdiction to adjudicate that claim and the related action brought by the trustee of the LLS America estate under 11 U.S.C. § 548. The reasoning regarding the denial of dismissal based upon a consent to personal jurisdiction is set forth in the Previous Decision and is applicable to the subject motions, which are **DENIED**. Counsel for the defendants shall submit orders consistent with this decision.

///END OF MEMORANDUM DECISION///